Argued March 12, affirmed April 29, petition for rehearing
denied May 27, 1959

# DAVIDSON *v.* FRANCIS MOTOR CAR COMPANY

338 P. 2d 658

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellant.

*Robert P. Dickinson,* Portland, argued the cause for respondent. With him on the brief was Dean M. Alexander, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and MILLARD, Justices.

## PER CURIAM.

■ This is an action at law by plaintiff-appellant by which he alleges that he rescinded a contract for the purchase of an automobile from defendant. He attempts to recover the amount of the purchase price paid on the contract. His action is in the nature of assumpsit. *State ex rel. Bethke v. Bain,* 193 Or 688, 701, 240 P2d 958. The trial court refused a directed verdict and submitted the case to the jury at plaintiff's request. ORS 18.140(2). The jury returned a verdict for plaintiff; the court then allowed defendant's motion for judgment n.o.v. and plaintiff appeals from that judgment. The sole issue is the sufficiency of the evidence to sustain the verdict.

■ The plaintiff purchased the car from defendant in February, 1954. Not long after its purchase a deficiency developed in the engine block which permitted oil to escape from the engine. This was replaced by defendant. On the insistence of plaintiff defendant made other repairs and adjustments. The evidence discloses continuous demands by plaintiff and reasonable attempts by defendant to comply. Plaintiff alleged that he tendered the car to defendant and thereby effected a rescission on May 6, 1954, and again on June 7, 1954. There is no evidence to support an at-

tempted rescission on either date. The only evidence at all is a letter written to defendant by plaintiff's attorney on June 7, 1954. There is testimony that another letter was written on the May 6 date but it is not in evidence. This letter in evidence does not support plaintiff's contentions. Rather than being an unequivocal offer to return the car it is a demand primarily for additional repair. He subsequently took the car to his home in California. While there he secreted the car to avoid defendant's attempts at repossession. Not until June 8, 1955, did he actually deliver the car to defendant. The car had then been driven about 5,000 miles. It is axiomatic that one cannot continue to assert elements of ownership of the subject matter of a contract and still assert his right to rescind. He may repudiate and seek restitution or perform and seek damages. He cannot do both. ORS 75.690; *McCargar v. Wiley*, 112 Or 215, 229 P 665.

■ The trial court, in passing upon the motion now before us, expressed the belief that the evidence was not sufficient to sustain plaintiff in either of two particulars: (1) that there was no evidence of a defect that defendant failed to repair in keeping with the alleged warranty; and (2) that there was no evidence to sustain plaintiff's claim of rescission. We agree with the trial court. The evidence discloses not only a lack of proof but plaintiff's own testimony affirmatively shows he did not rescind the contract as contended.

The plaintiff presents other issues which he says are necessary for determination of this case. We do not agree. This appeal is without merit and warrants no further discussion.

Affirmed.