Argued October 6, affirmed December 2, 1976

STATE ex rel HAAS, *Respondent,*
*v.*
SCHWABE, *Appellant.*
(No. 410-992, SC 24317)

556 P2d 1367

*Maxwell Donnelly,* Portland, argued the cause and filed briefs for appellant.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General.

Before Denecke, Chief Justice, and McAllister, O'Connell, Holman, Howell, Bryson and Sloper, Justices.

HOWELL, J.

## HOWELL, J.

This is an appeal by a pro tempore judge of the District Court for Multnomah County from an order of the Multnomah County Circuit Court directing a peremptory writ of mandamus to issue to the district judge requiring him to reinstate a verdict of guilty and to enter judgment against the defendant in a criminal case in the district court.

The facts are not in dispute.

A criminal trial charging a defendant with driving under the influence of intoxicating liquor was held before the appellant judge in the district court. After the jury returned a verdict of guilty, the judge invited the defendant to move for a "judgment of acquittal." The defendant did so, and the judge entered an order setting aside the verdict and entering a judgment of acquittal. At no time during the trial in the district court, either at the close of the state's case or after all the evidence, had the defendant moved for a judgment of acquittal based on insufficiency of the state's evidence.[1] *See* ORS 136.445.

The district attorney filed mandamus proceedings in the circuit court to require the district judge to set aside the judgment of acquittal and to enter a judgment against the defendant based on the verdict of guilty.[2] The circuit court accordingly entered a peremptory writ, and the judge appeals.

---

[1] In *State v. Cartwright,* 246 Or 120, 133-34, 418 P2d 822 (1966), *cert. denied* 386 US 937 (1967), the motion was not made until after the court had instructed the jury. This court stated:

"* * * We do not approve of this practice. The motion should be made at the conclusion of all the testimony and prior to the argument of counsel. * * * There may be a serious question as to whether the defendant's right to move for a judgment of acquittal is not waived by postponing the making of the motion until after the charge of the court. * * *"

[2] The state cannot appeal from a judgment of acquittal entered by the trial court after a verdict of guilty. ORS 138.060 allows appeals by the state in only four instances:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

In effect, the action of the district court in setting aside the verdict of guilty and entering a judgment of acquittal was to enter a judgment n.o.v. *See State v. Deets,* —— Iowa ——, 195 NW2d 118 (1972). The specific issue before us is whether the district judge had the authority in a criminal case to enter such a judgment.

Preliminarily, we note that while judgments n.o.v. are available in civil cases, the only post-verdict motions authorized by statute in criminal cases are motions for a new trial and motions in arrest of judgment. ORS 136.535 provides that the same grounds for a new trial in civil cases will apply to criminal cases. However, a motion in arrest of judgment is restricted to challenging the jurisdiction of the grand jury or to alleging that the facts in the indictment do not state an offense. *See* ORS 136.500 and 135.630.[3] Similarly, although both a motion for a new trial and a motion in arrest of judgment were available at common law, 1 Chitty's Criminal Law 654-64 (1816), a motion for a judgment n.o.v. in a criminal case was unknown at common law. *Ex parte United States,* 101 F2d 870 (7th Cir), *aff'd* 308 US 519 (1939); *Commonwealth v. Heller,* 147 Pa Super 68, 24 A2d 460 (1942); *State v. Mantia,* 101 RI 367, 223 A2d 843

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

However, the state may seek a writ of mandamus to compel the trial court to set aside an action taken in excess of its authority. *See, e.g., State ex rel Bethke v. Bain,* 193 Or 688, 240 P2d 958 (1952); *United States v. Weinstein,* 452 F2d 704 (2d Cir 1971), *cert. denied* 406 US 917 (1972).

[3] Although judgments n.o.v. are permitted in criminal cases under Rule 29(c) of the Federal Rules of Criminal Procedure and Standard 4.5(c) of the ABA Standards on Trial by Jury, the Oregon Legislature declined to adopt this procedure when amending ORS 136.445, dealing with motions for acquittal, even though that amendment was based upon ABA Standard 4.5 and Federal Rule 29. *See* Criminal Law Review Commission, Proposed Oregon Criminal Procedure Code, Final Draft and Report, § 365 at 205 (Nov. 1972).

(1966). Therefore, neither under our statutes nor under common law is there any basis for the entry of a judgment n.o.v., or its equivalent, in a criminal case. Correspondingly, the trial court's power in a case such as this one is restricted to the grant or denial of a new trial or an arrest of judgment upon proper motion. In the absence of such a motion, his authority is limited to the entry of a judgment on the guilty verdict. Therefore, we conclude that the appellant judge had no power or authority to enter a post-verdict judgment of acquittal under the circumstances of this case. *State v. Deets, supra; People v. Superior Court of Butte Co.,* 240 Cal App 2d 90, 49 Cal Rptr 365 (1966); *Commonwealth v. Heller,* 147 Pa Super 68, 24 A2d 460 (1942). *See also* Annot., 131 ALR 187 (1941). *But see State v. St. Clair,* 21 Wash 2d 407, 151 P2d 181 (1944).

Under these circumstances, the district court's action in entering a judgment of acquittal "was totally void and of no legal force or effect" because it was in excess of his authority. *State v. Deets, supra.* Consequently, we conclude that the circuit court properly entered the peremptory writ of mandamus ordering the appellant judge to set aside the judgment of acquittal and to enter a judgment against the defendant based on the jury's verdict.[4]

Affirmed.

**HOLMAN, J.,** dissenting.

The majority opinion holds, in effect, that a trial judge in a criminal case does not have the inherent power to set aside a jury verdict of guilty if he is

---

[4]The entry of a judgment against the defendant in this case after vacating the judgment of acquittal will not create a double jeopardy problem. In determining that the judgment of acquittal was void, we have not considered the merits of the criminal case below, but only the power of the trial court to enter such a judgment after the return of a guilty verdict. Nor will the defendant be retried as a result of this proceeding. The judgment against the defendant will be based upon the original jury verdict. *See United States v. Weinstein,* 452 F2d 704, 712-13 (2d Cir 1971), *cert. denied* 406 US 917 (1972). *Cf. Bozza v. United States,* 330 US 160, 166-67, 67 S Ct 645, 91 L Ed 818 (1947).

convinced that the evidence is insufficient to sustain the verdict. I would hold that in such a situation a trial judge has not only the inherent authority but the duty to do so. Whether the defendant's lawyer has the perspicacity to move for a judgment of acquittal because of the insufficiency of the evidence prior to submission to the jury or for a new trial after the return of the verdict should have no effect upon the trial judge's ability to rectify what would appear to be a horrifying injustice. While I believe the trial judge has the inherent authority to set aside a conviction under such circumstances, I, also, do not believe that the legislature ever intended by its statutory scheme to bring about the bizarre result manifested by the majority opinion.

O'CONNELL, J., joins in this dissent.