Heard November 5, 1979,
peremptory writ ordered January 2, 1980

## STATE ex rel REDDEN,
*Plaintiff-Relator,*

*v.*

## DAVIS,
*Defendant.*

## (SC 26086)

604 P2d 879

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Catherine Allan, Assistant Attorney General.

Constance Crooker, Portland, argued the cause and filed the brief for defendant.

LENT, J.

**LENT, J.**

The issue in this case is whether, after a verdict of "guilty" in a criminal case has been ordered received and filed,[1] the trial judge is empowered to order the indictment dismissed because he finds that the evidence presented upon trial was insufficient to sustain a conviction of the crime charged in the indictment.

In this exercise of original jurisdiction, Or Const. Art. VII (Amended), § 2, we directed the issue of an alternative writ of mandamus commanding the trial judge to vacate the order of dismissal and to enter a judgment of conviction or to show cause why he had not done as commanded. The judge's showing for his failure to obey the command essentially amounts to an assertion that his dismissal order is the equivalent of a judgment of acquittal when considered in the circumstances shown by the record of the trial of the underlying case, *State v. Frank Norman Eakin,* Multnomah County No. C 78-11-117781.

Eakin was indicted for the crime of "Ex-Convict in Possession of Firearm," ORS 166.270. At the close of the state's case upon trial of the charge Eakin moved for judgment of acquittal, ORS 136.445, on the ground that there was no evidence that he knew[2] he had a weapon. This was urged on the ground that the evidence showed he was too intoxicated and injured in a motor vehicle accident to know he had the gun. The motion was denied.

In a colloquy among counsel and the trial judge after the jury had retired to deliberate the judge expressed some misgivings as to whether the evidence

---

[1] From the bench the judge stated to the jury, "Your verdict is received and filed." In writing later he ordered that the "verdict be received and entered in the record of this court and cause." No one has raised a question as to difference in wording and we here treat the difference as not being significant.

[2] The indictment alleged that he "unlawfully and knowingly" had the firearm in his possession. For the definition of "knowingly" *see* ORS 161.085(8).

was sufficient to show that Eakin had "possession" of the firearm within the meaning of the statute, ORS 166.270, but the judge did not return to that matter as an expressed ground for his later action of dismissal.[3]

He then voiced his doubt as to whether the evidence relied upon by the state established the element of the crime that Eakin had been formerly convicted of a felony. The indictment charged that Eakin had been convicted in Multnomah County Circuit Court on February 25, 1974, of the "felony of Ex-Convict in Possession of Firearm." The evidence adduced to support this element on the state's case in chief[4] was the record of a judgment showing that on February 25, 1974, Eakin had "been convicted on his plea of GUILTY of the offense" and showing that it had been adjudged that he be imprisoned for a maximum term of one year in the custody of the Corrections Division of the State of Oregon. The trial judge during the colloquy expressed the legal opinion that the failure to sentence Eakin to more than a year required a holding that Eakin had been convicted only of a misdemeanor and had not been convicted of a felony. The trial judge then informed counsel:

"Basically, if the jury comes in and finds the defendant guilty of this crime, I am going do [*sic*] set it aside and dismiss the case."

Thereafter the jury returned its verdict of guilty. Following the discharge of the jury a further colloquy among counsel and the trial judge ensued and the state's attorney drew to the judge's attention a decision of this court:

"Your Honor, if I might just point out two issues to the Court. One with regard to *State ex rel Haas*

[3] The record contains ample evidence that Eakin had possession of an operable gun. There was testimony that in a certain apartment he "pulled the gun" and was "holding it and aiming, you know, pointing it at her" and that after leaving the apartment and getting into a car he handed it to his niece.

[4] During his own case Eakin testified:

"* * * And let's see, 1974 I was convicted for this charge that I am facing now, ex-convict in possession of a firearm."

[286]

*versus Schwabe, this is 276 Or 852 [sic],* and it concerns the propriety of the court vacating a jury verdict after it has been rendered."

The judge answered that he had informed the state's attorney of what the judge was going to do before the verdict was returned. He then orally, in substance, ordered a dismissal.

The trial judge set aside the verdict and dismissed the indictment because of his *conclusion of law* that the state had shown a prior conviction of a misdemeanor only rather than a felony. We first determine whether he was in error in that respect.

The prior conviction in February, 1974, was on a prosecution under ORS 166.270 as is Eakin's prosecution in the underlying case here. The statute was amended, however, by Oregon Laws 1975, chapter 702, section 1, to its present form. Prior to the amendment it read:

> "Any unnaturalized foreign-born person or any person who has been convicted of a felony against the person or property of another or against the Government of the United States or of this state, or of any political subdivision of this state, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person, or machine gun, *shall be punished upon conviction by imprisonment in the penitentiary for not more than five years.*" (emphasis added)

Violation of that statute authorized a sentence of imprisonment and was, therefore, either a felony or a misdemeanor, ORS 161.515. On its face ORS 166.270 describes a felony, because ORS 161.525 provided:

> "Except as provided in ORS 161.585 and 161.705, a crime is a felony if it is so designated in any statute of this state or if a person convicted under a statute of this state *may be sentenced* to a maximum term of imprisonment of more than one year." (emphasis added)

[287]

We do not find ORS 161.705 to have any application here. Not only did violation of ORS 166.270 come within the statutory definition of a felony; it fell without the definition of a misdemeanor, ORS 161.545:

> "A crime is a misdemeanor if it is so designated in any statute of this state or if a person convicted thereof may be sentenced to a maximum term of imprisonment of not more than one year."

The trial judge believed that the fact that Eakin was sentenced only to a maximum of one year automatically meant that he had been accorded misdemeanor treatment. The authority of the sentencing judge to give misdemeanor treatment to a crime punishable as a felony is not without limit. ORS 161.585 provided:

> "(1) When a crime punishable as a felony is also punishable by imprisonment for a maximum term of one year or by a fine, the crime shall be classed as a misdemeanor if the court imposes a punishment other than imprisonment under subsection (1) of ORS 137.124.
>
> "(2) Notwithstanding the provisions of ORS 161.525, upon conviction of a crime punishable as described in subsection (1) of this section, the crime is a felony for all purposes until one of the following events occurs, after which occurrence the crime is a misdemeanor for all purposes:
>
> "(a) Without granting probation, the court imposes a sentence of imprisonment to a correctional facility other than the penitentiary or the Oregon State Correctional Institution.
>
> "(b) Without granting probation, the court imposes a fine.
>
> "(c) Upon revocation of probation, the court imposes a sentence of imprisonment to a correctional facility other than the penitentiary or the Oregon State Correctional Institution.
>
> "(d) Upon revocation of probation, the court imposes a fine.
>
> "(e) The court declares the offense to be a misdemeanor, either at the time of granting probation,

upon suspension of imposition of sentence, or on application of defendant or his probation officer thereafter.

"(f) The court grants probation to the defendant without imposition of sentence upon conviction and defendant is thereafter discharged without sentence.

"(g) *Without granting probation and without imposing sentence, the court declares the offense to be a misdemeanor and discharges the defendant.*"

There was nothing in ORS 166.270 to indicate that violation of that statute was "also punishable by imprisonment for a maximum term of one year or by a fine." That alone would be enough to make ORS 161.585(1) inapplicable. Even if, however, ORS 166.270 could be so read as to *permit* alternative punishment of the kind just quoted, the sentencing judge *did not* impose a "punishment other than imprisonment under subsection (1) of ORS 137.124," which provided:

"(1) If the court imposes a sentence of imprisonment upon conviction of a felony, it shall not designate the correctional facility in which the defendant is to be confined but shall commit the defendant to the legal and physical custody of the Corrections Division."

Rather he imposed a sentence of imprisonment by committing Eakin to the "legal and physical custody of the Corrections Division of the State of Oregon."

Neither did any of the "events" described in ORS 161.585(2) occur so as to make the conviction one for a misdemeanor.

We conclude that on the prior occasion alleged in the indictment in the underlying case Eakin was charged with and convicted of an unclassified felony, ORS 161.535(1)(d). In its brief the relator has argued for that conclusion (although reaching it by a different line of reasoning), and the trial judge does not in this proceeding really contend otherwise. Rather he takes the position that any legal error on his part in that respect is immaterial.

[289]

The trial judge reasons as follows: Had he, prior to submitting the case to the jury, granted a motion for judgment of acquittal the state would have had no right to appeal even though he had committed legal error in doing so. The right of the state to appeal in a criminal case derives from ORS 138.060. That statute gives the state the right to appeal from three kinds of pre-trial orders and one kind of post trial order (not involved here). Compare *State v. De Ford,* 120 Or 444, 464, 250 P 220 (1927), in which the state had appealed from a judgment of acquittal based upon a directed verdict for the defendant.[5] This court found that the trial judge had erred and, therefore, "sustained" the appeal but refused to remand for trial on the ground that the "defendant having been acquitted cannot be retried for the same offense." *See, also, State v. Yarde,* 121 Or 297, 302, 254 P 798 (1927). These cases involved some rather esoteric provisions of the alcohol prohibition laws which seemed to give the state the right to get a ruling on whether the trial court committed error in certain kinds of rulings but gave the state no true right of appeal because even if the trial court erred the defendant could not be retried. We accept the premise, *arguendo,* that had the trial court for erroneous reasons granted a motion for judgment of acquittal (even sua sponte) prior to submitting the case to the jury the state would have had no right to appeal.[6]

From that premise the trial judge reasons that he can give effect to his unappealable power to err in favor of the defendant from the pre-verdict stage of the proceedings at the post verdict stage. Even if it be true that the state still has no right to complain of his

[5] The modern procedure obviates the step of directing a verdict of acquittal and provides for a motion for judgment of acquittal. ORS 136.445.

[6] *State v. Cartwright,* 246 Or 120, 133-134, 418 P2d 822 (1967), notes the concern of the court as to whether a defendant may make a motion for judgment of acquittal after the jury has been instructed. Without deciding the question, we shall assume, again for the sake of argument only, that the motion can be made by the defendant (or by the court sua sponte) after the jury has retired to deliberate.

[290]

error by direct appeal, that is not to say that the state is without a remedy.

In *State ex rel Haas v. Schwabe,* 276 Or 853, 556 P2d 1366 (1976), this court held that the trial judge had no power to dismiss after the verdict of guilty was received and filed. In *Schwabe* the trial court (District Court for Multnomah County) had set aside the verdict of guilty and entered a judgment of acquittal despite the fact that defendant had made no motion for such a judgment at any time until invited to do so by the trial judge after the verdict was returned. The Multnomah County Circuit Court directed a peremptory writ of mandamus to issue requiring the trial judge to reinstate the verdict and to enter judgment accordingly. Upon appeal by the trial judge the majority of this court held that the action of the trial judge was, in effect, the entry of a judgment n. o. v. This court found no authority either at common law or under the statutes of this state for the entry of judgment n. o. v. in a criminal case; consequently, it was held that his action was void, that mandamus was the proper remedy and that the circuit court had properly proceeded by way of peremptory writ.

In *Schwabe* we granted the state relief without regard to whether the trial judge had erred. In the case at bar the trial judge did not err when he denied the motion for judgment of acquittal, but he did make an error of law in ruling that there was no evidence upon which a conviction could rest; therefore, *a fortiori,* the rule of *Schwabe* should obtain. Even the dissenters in *Schwabe* did not argue that the trial judge had some inherent power to set aside a valid verdict to dismiss a case for erroneous reasons.

Since we have found that there was evidence from which rational factfinders could, and did, find beyond a reasonable doubt that Eakin was guilty as charged in the underlying case, we have no reason to question his conviction under the rules of *In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed2d 368 (1970), and *Jackson*

*v. Virginia,* 443 US 307, 99 S Ct 2781, 61 L Ed2d 560 (1979).

It is ordered that a peremptory writ shall issue commanding the defendant, the Honorable Alan F. Davis, Judge of the Circuit Court of the State of Oregon for the County of Multnomah to enter an order in the case of State of Oregon, Plaintiff, vs. Frank Norman Eakin, Defendant, Multnomah County No. C 78-11-17781, vacating his order dismissing the indictment therein and further commanding him to enter judgment in due course upon the verdict received and filed therein.