Argued and submitted October 10, affirmed December 14, 1988

## KLADOUCHOS et al,
*Respondents,*

*v.*

## BALLIS,
*Appellant.*

## (A8607-04284; CA A47612)

765 P2d 831

Floyd Hinton, Portland, argued the cause for appellant. With him on the briefs was Deich, Hinton & Meece, Portland.

James W. Walker, Portland, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

In June, 1984, defendant sold plaintiffs a house, which was divided into four apartments (a four-plex), by a land sale contract. Plaintiffs took possession the next month. In December, 1985, or January, 1986, they learned that the house did not meet national electrical code standards. An electrical contractor informed plaintiffs in January, 1986, that he believed that the house was legally only a three-plex, not a four-plex, because the fourth apartment did not meet building codes. In July, 1986, the City of Portland Bureau of Buildings confirmed that one of the apartments was "non-approved." In the same month, plaintiffs filed a complaint seeking to rescind the contract. Three months later, they abandoned the premises.

Plaintiffs sought rescission, on alternative theories of fraud and mutual mistake, and damages for misrepresentation and unfair trade practices. At trial, they elected to forego the misrepresentation claim and proceeded with the rescission and unfair trade practices claims. Defendants affirmatively raised the defense of waiver and counterclaimed for foreclosure of the contract. The trial court found that plaintiffs were entitled to rescind because of mutual mistake but that they were not entitled to relief under the Unfair Trade Practices Act, and it entered judgment accordingly. Defendant assigns as error the granting of rescission and the denial of foreclosure. On *de novo* review, we conclude that there was a mutual mistake that entitles plaintiffs to rescind.[1]

Defendant argues first that plaintiffs waived their right to rescind by accepting the benefits of the contract through September, 1986, and by paying taxes and insurance premiums on the property for several months after they learned of the electrical and building code violations. We agree that one who accepts benefits under a contract and acts inconsistently with an intent to rescind it may thereby waive the right to rescind. *State Farm Fire v. Sevier,* 272 Or 278, 288, 537 P2d 88 (1975); *see Davidson v. Francis Mtr. Car Co.,* 216 Or 480, 482, 338 P2d 658 (1959). Moreover, a party who has

---

[1] Accordingly, defendant's arguments regarding foreclosure are moot. Plaintiffs do not cross-appeal concerning the trial court's holding on their unfair trade practices claim.

notice of grounds for rescission must rescind promptly. *State Farm Fire v. Sevier, supra,* 272 Or at 288.

■　　In this case, however, after plaintiffs learned that the house was only a three-plex, they did not act inconsistently with an intent to rescind. Neither did they fail to act promptly. They learned of the electrical code violations in December, 1985, and demanded rescission the following month. Thereafter, the parties entered into negotiations concerning that claim. In July, 1986, the Bureau of Buildings confirmed that the house was only a three-plex; plaintiffs filed their complaint that same month. There was no waiver.

■　　The dispositive issue is whether there was a mutual mistake. One of the plaintiffs and defendant testified that when they entered the contract they understood the house to be a four-plex. It is not. A Portland housing inspector testified that the house is legally only a three-plex. That mutual mistake was substantial and, therefore, entitles plaintiffs to rescind.

Affirmed.