Argued and submitted April 10, reversed and remanded with instructions
June 14, 1989

## STATE ex rel SCHRUNK,
*Respondent,*

*v.*

## KEYS et al,
*Appellants.*

(A8610-06410; CA A45412)

776 P2d 861

Marc Sussman, Lake Oswego, argued the cause for appellants. With him on the brief was Cox, Peterson & Sussman, Lake Oswego.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Frank Gruber, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant, a district court judge, appeals from the circuit court's peremptory writ of mandamus, directing him to vacate his order allowing a new trial in a DUII case and to reinstate the judgment of conviction.[1] We conclude that mandamus is not available to correct the error, if any, in defendant's ruling, and reverse.

In *State ex rel Haas v. Schwabe,* 276 Or 853, 556 P2d 1366 (1976), the Supreme Court affirmed a circuit court's writ of mandamus, directing the defendant district court judge to reinstate a verdict of guilty which he had purported to set aside after granting a post-verdict *sua sponte* judgment of acquittal. The Supreme Court issued a comparable writ in *State ex rel Redden v. Davis,* 288 Or 283, 604 P2d 879 (1980), when the defendant circuit court judge had dismissed an indictment on the basis of evidentiary insufficiency after the verdict of guilty was received and filed. In both cases, the defendants had followed procedures that exceeded their authority, and that was the principal basis for the Supreme Court's holdings.[2]

Conversely, ORS 136.535(4) confers express authority on trial courts to allow motions for new trials by criminal defendants. Neither the Supreme Court nor we have decided whether mandamus lies to correct errors of law by trial judges in ruling on such motions, and the question was expressly left open in *State ex rel Redden v. Van Hoomissen,* 281 Or 647, 576 P2d 355, *rehearing denied* 282 Or 415, 579 P2d 222 (1978).

Plaintiff argues that the remedy should be available because committing an error of law either is not a discretionary act, or is an abuse of discretion and should, therefore, be redressable by mandamus. Defendant argues that granting the new trial entailed the exercise of some discretion and, alternatively, that plaintiff cannot obtain relief by mandamus, because it has plain, speedy and adequate legal remedies, *e.g.,* proceeding with the new trial, requesting a pretrial omnibus hearing and appealing from the suppression of evidence.

---

[1] The apparent basis for the allowance of the new trial was defendant's conclusion that he had committed an error of law in admitting certain evidence. ORCP 64B(6).

[2] In *In State ex rel Redden v. Davis, supra,* the court appears also to have based the decision on its view that the defendant's ruling was erroneous on its merits.

Plaintiff responds that those are not remedies for the harm about which it complains—the vacation of the conviction rendered in the first trial. Plaintiff also argues:

> "Defendant cites federal jurisprudence and argues rightly that mandamus is granted only in extraordinary circumstances. In *Allied Chemical Corp. v. Daiflon, Inc.,* 449 US 33, 101 S Ct 188, 60 L Ed2d 193 (1980), which defendant cites, the court points out that a trial court's order granting a new trial will rarely, if ever, justify the issuance of a writ of mandamus, noting that a litigant is free to seek review of the propriety of such an order on direct appeal after a final judgment has been entered and therefore he has an adequate means of relief apart from mandamus.

> "Unlike a civil litigant, however, the state has no opportunity for direct appeal from the grant of a new trial and therefore appeal is not available as a remedy. *See* ORS 138.060."

**1.** Generally, when a direct appeal is available, it is an adequate alternative remedy that precludes mandamus. *State ex rel LeVasseur v. Merten,* 297 Or 577, 686 P2d 366 (1984). The court said in *State ex rel. Ricco v. Biggs,* 198 Or 413, 422, 255 P2d 1055 (1953), that it is "hornbook law in this state that the writ of mandamus cannot be used * * * as a substitute for appellate review." Plaintiff seeks to extract itself from that principle by contending that the state has no ability to appeal an order granting a new trial in a criminal case.

Although defendant does not argue otherwise, we find it less than certain that the state could not have appealed. It is true that the granting of a new trial is not among the appealable events enumerated in ORS 138.060. However, ORS 19.200 provides:

> "If an appeal is taken from an order of the trial court granting a new trial on its own initiative, the order shall be affirmed on appeal only on grounds set forth in the order or because of reversible error affirmatively appearing in the record."

ORS 136.535(4) provides:

> "Except as otherwise provided in this section, *ORS 19.200* and ORCP 64 A., B. and D. through G. *shall apply* to and regulate new trials in criminal actions, except that a new trial shall not be granted on application of the state." (Emphasis supplied.)

An appeal of an order granting a new trial in a criminal case could be brought only by the state. ORS 19.200 was enacted, and ORS 136.535(4) was amended to refer to it, by Oregon Laws 1979, chapter 284, sections 58 and 114. ORS 138.060 was last amended in 1977.

**2.**     Because the question is not raised and because any appeal the state might have been able to bring would now be untimely, the remainder of this opinion will assume, without deciding, the correctness of plaintiff's premise that no right of appeal from defendant's order existed. Plaintiff reasons from that premise that it has no adequate alternative remedy and that it may therefore pursue by mandamus what it could not pursue through the appellate process. The problem with that reasoning is that the ability to appeal the order is not *merely* unavailable to the state. A direct appeal is the remedy that the legislature has given other litigants who are aggrieved by the granting of new trials. If plaintiff's understanding of the statutes is correct, the legislature has *chosen not* to make an appeal available to the state or to provide *any* remedy for errors in the granting of new trials in criminal cases. Plaintiff is attempting to use mandamus as a substitute for an appeal and to obtain the exact relief that the statutes governing appeals in criminal cases do not permit it to obtain. We hold that plaintiff may not do that.

     Reversed and remanded with instructions to quash the writ.