On appellant's Motion for Summary Determination of Appealability filed April 24, motion allowed; appeal dismissed November 19, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## KIMBERLY ANN RIETVELD,
*Respondent.*

(96-0980; CA A97043)

948 P2d 758

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, for motion.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

.

**LANDAU, P. J.**

The state moves for summary determination of the appealability of an order granting a criminal defendant's motion for a new trial. We allow the motion, determine that the order is not appealable and dismiss the appeal.

■■  Following a conviction for murder, defendant moved for, and obtained, an order granting a new trial. The state appealed the order. The state correctly acknowledges that its right to appeal in a criminal case is purely statutory and is governed generally by ORS 138.060. That statute lists the following orders as appealable:

"(1)  An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2)  An order arresting the judgment;

"(3)  An order made prior to trial suppressing evidence;

"(4)  An order made prior to trial for the return or restoration of things seized; or

"(5)  A judgment of conviction based on the sentence as provided in ORS 138.222."

The state concedes that an order granting a defendant's motion for a new trial is not among the orders listed in ORS 138.060 as appealable orders. The state nevertheless contends that ORS 138.060 is not the exclusive source of its authority to appeal in a criminal case and that we may infer authority to appeal such an order from other statutes, in particular, ORS 136.535(4). That statute provides:

"Except as otherwise provided in this section, ORS 19.200 and ORCP 64 A, B and D through G shall apply to and regulate new trials in criminal actions, except that a new trial shall not be granted on application of the state."

ORS 19.200, in turn, provides:

"If an appeal is taken from an order of the trial court granting a new trial on its own initiative, the order shall be affirmed on appeal only on grounds set forth in the order or because of reversible error affirmatively appearing in the record."

The provisions of ORCP 64 state the grounds and procedure for obtaining a motion for new trial in a civil case, and they require, among other things, that the record clearly reflect the grounds for granting the motion. According to the state, ORS 19.200 explicitly refers to an appeal taken from an order granting a new trial and, in *dictum*, in *State ex rel Schrunk v. Keys*, 97 Or App 65, 68-69, 776 P2d 861 (1989), we ventured the same observation about the statute. Thus, the state concludes, it is apparent that the legislature intended orders granting new trials in criminal cases to be appealable by the state.

We are not persuaded by the state's reasoning. To begin with, we do not accept the state's premise, that ORS 138.060 fails to state an exclusive list of appealable orders in criminal cases. ORS 138.010 expressly provides that "[t]he *only* mode of reviewing a judgment or order in a criminal action is that prescribed by ORS 138.010 to 138.310." (Emphasis supplied.) *See also State v. Carrillo*, 311 Or 61, 66-67, 804 P2d 1161 (1991) (state may not appeal a judgment of acquittal because ORS 138.060 does not provide authority for such an appeal).

Moreover, even if that were not the case, the conclusion that the state asserts does not necessarily follow from the text of the statute on which it relies. Although it is true that ORS 19.200 appears to take for granted that *some* orders granting a new trial will be appealable, the language of the statute explicitly refers only to "an order of the trial court granting a new trial *on its own initiative.*" (Emphasis supplied.) In this case, the trial court did not grant a new trial on its own motion. Thus, by its terms, the statute does not apply, and whatever observations we may have ventured in *Keys* are inapplicable as well.

The state acknowledges that ORS 19.200 refers only to new trials granted on the trial court's own motion, but it insists that we nevertheless should read the statute more broadly to allow an appeal of all orders granting a motion for new trial. The state argues that ORS 136.535(4) expressly refers to ORCP 64, which, in turn, was intended to require trial courts to make a record of the basis for their new trial orders to facilitate appellate review. It stands to reason, the

state asserts, that the statute contemplates allowing an appeal of all orders for a new trial. The argument, however, fails to explain why the referenced portions of ORCP 64 that facilitate judicial review of orders granting new trials require us to construe ORS 19.200 more broadly than its terms, which are limited to new trials granted on the trial court's own motion. At bottom, the state's argument reduces to an appeal to this court to ignore a distinction in the statute that the state asserts makes no apparent sense. We are not at liberty to do that. ORS 174.010; *State v. Vasquez-Rubio*, 323 Or 275, 282-83, 917 P2d 494 (1996) (courts not at liberty to rewrite statutes to avoid what courts perceive to be unreasonable results).

We conclude that the order of the trial court granting defendant a new trial is not appealable.

Motion allowed; appeal dismissed.