**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERRY GREER; JENNIFER GREER,

Plaintiffs - Appellants,

v.

STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY,

Defendant - Appellee.

No. 12-35056

D.C. No. 1:10-cv-03090-PA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted November 5, 2013[**]
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and MAHAN, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable James C. Mahan, District Judge for the U.S. District
Court for the District of Nevada, sitting by designation.

Jerry and Jennifer Greer appeal a summary judgment dismissing their claims against State Farm Fire and Casualty Company and awarding State Farm $213,210 on its counterclaim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In seeking replacement costs for their home from State Farm, their insurer, the Greers submitted a fraudulent construction contract. The Greers recklessly misrepresented a material fact by sending State Farm the forged contract, *Millikin v. Green*, 583 P.2d 548, 550 (Or. 1978) (en banc); *Santilli v. State Farm Life Ins. Co.*, 562 P.2d 965, 967 (Or. 1977), and State Farm justifiably relied on that contract in paying replacement costs. *Cocchiara v. Lithia Motors, Inc.*, 297 P.3d 1277, 1286 (Or. 2013) (en banc); *Crawford v. Standard Ins. Co.*, 621 P.2d 583, 586 (Or. Ct. App. 1980). State Farm was entitled to the amount paid in reliance on the misrepresentation, Or. Rev. Stat § 742.208, and therefore properly received judgment on its counterclaim. The Greers' material misrepresentation also voided the insurance policy. Or. Rev. Stat § 742.208. Their claim for personal property loss under the policy was therefore correctly dismissed.

**AFFIRMED**.