Argued and submitted May 6, peremptory writ to issue June 27, 1996

## STATE ex rel Dale W. PENN,
*Plaintiff-Relator,*

*v.*

## Albin W. NORBLAD,
Circuit Court Judge, Marion County,
*Defendant.*

(SC S42357)*

918 P2d 426

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Tom C. Bostwick, Salem, argued the cause and filed the brief for defendant.

GRABER, J.

---

* Relating to Marion County Circuit Court No. 94C-20467.

## GRABER, J.

Relator Dale W. Penn, the District Attorney for Marion County, seeks a writ of mandamus to compel defendant, a circuit court judge, to (a) vacate a post-verdict judgment of dismissal in the case of *State v. Vasquez-Hernandez*, Marion County Circuit Court No. 94C-20467; (b) sentence Vasquez-Hernandez; and (c) enter judgment on the convictions obtained in that case. We conclude that the circuit court lacked authority to dismiss that case after the return of valid guilty verdicts. Accordingly, we direct that a writ of mandamus shall issue, requiring defendant judge to vacate the judgment of dismissal, sentence Vasquez-Hernandez, and enter judgment on the convictions.

In the underlying criminal case, Vasquez-Hernandez was charged with two counts of attempted aggravated murder, two counts of attempted first degree assault, and three counts of unlawful use of a weapon, for aiming a loaded gun at two Salem police officers. A jury convicted him of all seven counts. After the jury returned the verdict, Vasquez-Hernandez filed two motions. The first sought a new trial, and the second moved to dismiss the case on the ground that Vasquez-Hernandez "did not receive a fair trial and was not afforded due process and it would be in the interest of justice if the matter were dismissed at this time."

Defendant judge concluded that the court had "a duty to [Vasquez-Hernandez] to order a new trial" but that, instead, the court "should go further under ORS 135.[755] and dismiss the case in furtherance of justice." Defendant judge gave two reasons. First, he concluded that he had erred in denying Vasquez-Hernandez's pretrial motion to suppress a statement made to police. Vasquez-Hernandez had argued therein that his arraignment had been delayed improperly and that his statement was the fruit of that unlawful delay. Second, defendant judge concluded that Vasquez-Hernandez had been deprived of a fair trial, because he had not received materials developed by the Salem City Attorney's office during its civil investigation of the incident. After issuing a letter opinion and "Findings of Fact" describing his reasons, defendant judge entered a judgment of dismissal.

After defendant judge dismissed the case, relator petitioned this court seeking the issuance of an alternative writ of mandamus. This court allowed the petition, and the present proceedings followed.

As noted, defendant judge purported to act under the authority of ORS 135.755. He likewise asserts to us that the statute authorizes his actions. We therefore must determine whether ORS 135.755 authorizes a court to dismiss a case after the return of a valid jury verdict. ORS 135.755 provides:

> "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

Our task is to discern the legislature's intent when it enacted that statute. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (setting forth method of determining legislative intent).

At the first level of analysis, we examine the text and context of the statute. *Id.* at 610-11. ORS 135.755 is silent on the question presented. It neither provides for nor precludes post-verdict dismissal.

Defendant judge argues that the text is clear, because it contains no limitations, and that our inquiry should end there. It is true that the text alone may be read to support defendant judge's action. The first step of statutory analysis does not look at text alone, however; it also looks at the context in which that text appears.

Context includes other provisions of the same statute and other related statutes. *PGE*, 317 Or at 611. Among other things, this court considers the prior versions of the statute under consideration to be part of this context. *Bayridge Assoc. Ltd. Partnership v. Dept. of Rev.*, 321 Or 21, 30-31, 892 P2d 1002 (1995); *Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994).

What is now ORS 135.755 traces its antecedents directly to the Deady Code. In 1864, the legislature enacted

the predecessors of ORS 135.745 to 135.757 together in their own subchapter, titled "[d]ismissal of the action before or after indictment, for want of prosecution or otherwise." *Code of Criminal Procedure*, ch XXXI, §§ 319-25, at 496-97 (1864), *codified in* General Laws of Oregon, ch XXX, §§ 319-25, at 382-83 (Deady and Lane 1843-72). *See State v. Stout*, 305 Or 34, 39, 749 P2d 1174 (1988) (considering the specific placement of a section in the Deady Code, and the pertinent chapter title in the Deady Code, as context bearing on the meaning of that section, which was the predecessor to the section of the criminal code being construed). The predecessor of ORS 135.755 contained the same operative wording as that statute does today, and the sections surrounding it in the 1864 subchapter related only to pretrial matters, such as delay in indicting a defendant or in bringing a defendant to trial.

The grouping of ORS 135.755 with provisions that relate only to pretrial matters has remained. What is now ORS 135.755 was part of a general revision of Oregon's code of criminal procedure, enacted in 1973. Or Laws 1973, ch 836, § 207. The Criminal Law Revision Commission drafted the 1973 code. Criminal Law Revision Commission, *Proposed Oregon Criminal Procedure Code*, Final Draft and Report, XXXIII (1972). The Commission placed what became ORS 135.755 in Article 10 of its draft, *id.* § 306 at 176, to which it gave the heading "SPEEDY TRIAL PROVISIONS," *id.* at 174. In turn, Article 10 was part of Part III of the proposed code, which the Commission labeled "ARRAIGNMENT AND *PRE-TRIAL* PROVISIONS." *Id.* at XIII (emphasis added).[1]

Ordinarily, headings in the post-1953 Oregon Revised Statutes "do not constitute any part of the law." ORS 174.540. The 1973 code of criminal procedure contained its own instruction with respect to headings, however:

"The part, article and section *headings or captions used in this Act are used only for convenience in* locating or

---

[1] In *State ex rel Turner v. Frankel*, 322 Or 363, 374-75, 908 P2d 293 (1995), this court concluded that the commentary to the Oregon Criminal Procedure Code is legislative history, rather than context, of a statute. The prior enacted versions of a statute and the manner in which the statutes are grouped when the legislature enacts them are, however, part of context.

*explaining provisions of this Act* and are not intended to be part of the statutory law of the State of Oregon." Or Laws 1973, ch 836, § 357 (emphasis added).

The fact that the 1973 criminal procedure code was presented to the legislature that voted on it in a form that included the headings, and the fact that the section above-quoted allows those headings to be "used * * * in * * * explaining provisions" of the code, permit us to consider the foregoing headings in our search for legislative intent in this case. *See State v. Isom*, 313 Or 391, 397 n 6, 837 P2d 491 (1992) (court construed Oregon Criminal Code by reference to a section therein that "instructed * * * as to how we are to construe its provisions").

The chronological order in which the legislature deliberately has arranged the criminal procedure code from its inception reflects a conscious choice. ORS 135.755 and its predecessors always have appeared in the midst of plainly pretrial procedures.

The statutes expressly governing the procedural options *after* verdict also are part of the context of ORS 135.755. ORS 136.500 provides for motions in arrest of judgment, which "may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and not otherwise." A motion for a new trial is limited to the grounds stated in ORCP 64 B. ORS 136.535(4). In addition to being limited as to permissible grounds for bringing them, motions in arrest of judgment and motions for new trial are limited as to when they can be brought. *See* ORS 136.535(1) ("A motion in arrest of a judgment or a motion for new trial * * * shall be filed within five days after the filing of the judgment to be set aside, or such further time as the court may allow"); ORS 136.535(3) ("The motion shall be heard and determined * * * within 20 days after the time of entry of the judgment, and if not heard and determined within that time, the motion shall conclusively be considered denied.").[2] In view of the ways in which those post-verdict procedures are circumscribed, the legislature's list of post-verdict options is a completed

---

[2] Because no judgment has been entered, defendant judge's dismissal of the case does not meet the requirements of the cited post-trial statutes.

thought. *See State ex rel Haas v. Schwabe*, 276 Or 853, 856-57, 556 P2d 1367 (1976) ("the only post-verdict motions authorized by statute in criminal cases are motions for a new trial and motions in arrest of judgment"); *see also State v. McKenzie*, 307 Or 554, 558-59, 771 P2d 264 (1989) (considering relationship between post-verdict motion in arrest of judgment and motion for judgment of acquittal during trial); *State ex rel Redden v. Davis*, 288 Or 283, 291, 604 P2d 879 (1980) ("the trial judge had no [inherent] power to dismiss after the verdict of guilty was received and filed").

Defendant judge asserts that *In re Clark*, 79 Or 325, 328, 154 P 748, 155 P 187 (1916), supports the proposition that "[t]he Oregon legislature has not inserted a time restraint preventing the Defendant-Judge from exercising judicial discretion to dismiss an action after the receipt of a verdict." Defendant judge misreads *Clark*.

The procedural posture of that case precludes the interpretation that defendant judge claims for it: In *Clark*, there never was a valid verdict. Rather, "the petitioner was twice brought to trial, but in each instance the result was a mistrial." *Id.* at 332. What the petitioner sought, in reliance on the predecessor of ORS 135.755, was a dismissal of the indictment *before* the commencement of a third trial. *Id.* at 327, 331.

In *Clark*, this court had issued an alternative writ of mandamus after a trial judge denied a district attorney's motion to dismiss the indictment against the petitioner. 79 Or at 327. As we stated, above, that motion relied on the predecessor of ORS 135.755. *Ibid.* This court dismissed the alternative writ of mandamus, observing that the petitioner (the criminal defendant) could claim no right under that statute, which was directed only to the district attorney and the trial court. *Id.* at 331-32. This court also noted that other statutes allowed the petitioner an opportunity to seek dismissal of the indictment and to appeal from an adverse ruling, giving the petitioner "a plain remedy according to the regular course of the law." *Id.* at 332.

The *Clark* court's observation that a defendant can make no motion under the statute, even though dismissal of the proceedings would be to the defendant's benefit, also

gives a contextual clue. Often, when procedural provisions are for the benefit of the defendant during and after trial, the relevant statutes specify that the defendant may invoke them. *See, e.g.*, ORS 136.005 (a defendant may challenge jury panel); ORS 136.070 (a defendant may move to seek postponement of trial); ORS 136.500 (a defendant may move for arrest of judgment); ORS 136.535 (a defendant may move for new trial). The fact that ORS 135.755 provides only for the court's own motion and the district attorney's application suggests its preliminary character.

After examining both text and context, we conclude that ORS 135.755 is a procedural statute that grants authority to trial judges to act pursuant to it only before trial. Defendant judge lacked authority to dismiss *State v. Vasquez-Hernandez* after receiving a valid jury verdict. Accordingly, he erred as a matter of law and must vacate the judgment of dismissal, sentence Vasquez-Hernandez, and enter judgment on the convictions.[3]

Peremptory writ to issue.

---

[3] Vasquez-Hernandez retains the right, after judgment is entered, to make a motion in arrest of judgment or a motion for a new trial. *See* ORS 136.535(1) (providing that a defendant may make such motions after the filing of a judgment).