Argued and submitted November 9, 1998, peremptory writ to issue
February 26, 1999

# STATE OF OREGON,
*Plaintiff-Relator,*

*v.*

# ERIC RAMON METCALFE,
aka Eric Ramone Metcalfe,
*Defendant-Adverse Party.*

## (CC 97-09-37310; SC S44828)

974 P2d 1189

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause and filed the brief for plaintiff-relator. With her on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Matthew J. Rizzo, Metropolitan Public Defenders, Portland, argued the cause and filed the brief for defendant-adverse party.

LEESON, J.

**LEESON, J.**

The issue in this original proceeding in mandamus is whether the trial court had authority to grant defendant-adverse party's (defendant's) motion for judgment of acquittal after the jury had found him guilty of Escape in the Second Degree and to find him guilty of Attempted Escape in the Second Degree. For the reasons that follow, we conclude that the trial court lacked authority to grant defendant's post-verdict motion. Accordingly, we direct that a peremptory writ of mandamus shall issue.

Defendant was indicted on a single count of Escape in the Second Degree, ORS 162.155(1)(a), based on events that transpired while he was on trial for other charges. During that trial, a deputy escorted defendant to the courtroom and instructed him to sit in a chair at counsel table and to remain there, unless he was testifying. Defendant ran from the courtroom. After a brief scuffle, deputies subdued defendant outside the courtroom doors. Defendant was tried by a jury on the charge of Escape in the Second Degree based on those facts.

At the close of the state's evidence, defendant moved for a judgment of acquittal, arguing that, at most, the state had proved Attempted Escape in the Second Degree. The trial court denied the motion, stating that it would "submit the case [to the jury] under the best instructions that we can devise * * *." The court instructed the jury on Escape in the Second Degree and the lesser-included offenses of Attempted Escape in the Second Degree, Escape in the Third Degree, and Attempted Escape in the Third Degree.

The jury returned a verdict of guilty on the charge of Escape in the Second Degree. The trial court accepted the verdict and excused the jury. Defendant renewed his motion for a judgment of acquittal, which the trial court granted. The court then vacated the jury's verdict, found defendant guilty of the lesser-included offense of Attempted Escape in the Second Degree, entered "temporary" and final judgments on Attempted Escape in the Second Degree, and sentenced defendant on that conviction. This mandamus proceeding followed.

Relator State of Oregon (the state) contends that the trial court lacked authority to acquit defendant of Escape in the Second Degree and to find him guilty of the lesser-included offense after the jury had returned its verdict. The state relies on *State ex rel Penn v. Norblad,* in which this court held that motions in arrest of judgment and motions for a new trial are the only post-verdict motions authorized by the legislature in criminal cases. 323 Or 464, 469-70, 918 P2d 426 (1996). Defendant responds that *Norblad* is inapposite, because the trial court in that case entered a post-verdict dismissal in reliance on ORS 135.755,[1] and this court's opinion in that case addressed only that statute. Defendant argues that the plain language of ORS 136.445, the relevant statute in this case, neither bars a post-verdict motion for judgment of acquittal nor prohibits a trial court from ruling on a motion for judgment of acquittal after a jury has returned its verdict.

ORS 136.445 is part of the criminal procedure code enacted in 1973 to govern the conduct of criminal trials. *See Norblad,* 323 Or at 468 (explaining history of adoption of criminal code). That statute provides:

"In any criminal action the defendant may, after close of the state's evidence or of all the evidence, move the court for a judgment of acquittal. The court shall grant the motion if the evidence introduced theretofore is such as would not support a verdict against the defendant. The acquittal shall be a bar to another prosecution for the same offense."

In order to address defendant's argument, we must construe ORS 136.445. We do so according to the familiar methodology of *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993). We first analyze the text and context of the statute. Statutory context includes other provisions of the same statute and other related statutes, *Norblad,* 323 Or at 467, as well as relevant judicial constructions of those statutes, *Fox v. Country Mutual Ins. Co.,* 327 Or 500, 506, 964 P2d 997 (1998).

---

[1] ORS 135.755 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

By its plain language, ORS 136.445 permits, but does not require, a defendant in a criminal proceeding to make a motion at two points in the proceeding, namely, after close of the state's evidence or after all the evidence. The decision whether to make a motion for a judgment of acquittal is a defendant's. The statute also provides that the trial court shall grant the motion "if the evidence introduced theretofore is such as would not support a verdict against the defendant."

■ Defendant would have us interpret ORS 136.445 to allow a criminal defendant to move for a judgment of acquittal after a jury returned its verdict if, in hindsight, the evidence did not support the verdict. Even assuming that the words "theretofore" and the phrase "would not" in the statute might support such an interpretation, consideration of the statutory context reveals that defendant's argument is implausible. We turn to that context.

The code of criminal procedure provides for two post-verdict motions in a criminal proceeding that are closely related to our inquiry regarding a trial court's authority under ORS 136.445: ORS 136.500 (motion in arrest of judgment)[2] and ORS 136.535 (motion for a new trial).[3] As closely associated parts of the criminal code, they are relevant context for determining the legislature's intent regarding ORS 136.445. *See State v. Chakerian*, 325 Or 370, 379, 938 P2d 756 (1997) (related statutes in criminal code are relevant context).

---

[2] ORS 136.500 provides:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty. It may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and not otherwise. The motion must be made within the time allowed to file a motion for a new trial, and both such motions may be made and heard as the court directs."

[3] ORS 136.535 provides, in part:

"(1) A motion in arrest of a judgment or a motion for a new trial, with the affidavits, if any, in support thereof shall be filed within five days after the filing of the judgment sought to be set aside, or such further time as the court may allow.

"* * * * *

"(4) Except as otherwise provided in this section, ORS 19.430 and ORCP 64 A, B and D through G shall apply to and regulate new trials in criminal actions, except that a new trial shall not be granted on application of the state."

A motion in arrest of judgment may be made only on the grounds specified in ORS 135.630(1) and (4), namely, that the grand jury lacked authority to inquire into the crime charged or that the facts stated do not constitute an offense. ORS 136.500. A motion for a new trial, by contrast, is governed by ORS 19.430 and ORCP 64 A, B, and D through G, with the exception that "a new trial shall not be granted on application of the state." ORS 136.535(4). ORCP 64 B(5) provides that "[i]nsufficiency of the evidence to justify the verdict or other decision" is a ground for moving for a new trial. This court has held that ORS 136.500 and ORS 136.535 declare the legislature's "completed thought" with respect to post-verdict motions in criminal proceedings. *Norblad*, 323 Or at 469-70; *see also State ex rel Haas v. Schwabe*, 276 Or 853, 856, 556 P2d 1367 (1976) ("the only post-verdict motions authorized by statute in criminal cases are motions for a new trial and motions in arrest of judgment"). Defendant would have this court recognize a second procedural device for challenging the sufficiency of the evidence after the verdict. We find no basis for attributing to the legislature the intent to create duplicative motions in this context.

■ ■     Moreover, ORS 136.445 provides that, if the trial court grants a criminal defendant's motion for a judgment of acquittal, the acquittal bars another prosecution for the same offense. *See State v. McKenzie*, 307 Or 554, 558-59, 771 P2d 264 (1989) (explaining double jeopardy as well as statutory bar to retrial after grant of motion for a judgment of acquittal). By contrast, the trial court's grant of a defense motion for a new trial does not bar another prosecution for the same offense. Defendant's proposed construction of ORS 136.445 would create an anomaly between that statute and ORS 136.535 regarding the state's authority to prosecute for the same offense. Neither the text nor the context of the relevant statutes indicates that the legislature intended such a result. *See* ORS 174.010 (in construing a statute, court to adopt construction that will give effect to all provisions if possible). Based on its text and context, we conclude that ORS 136.445 does not authorize a trial court to grant a motion for judgment of acquittal after a jury verdict.

■     Nonetheless, defendant contends that nothing in ORS 136.445 prohibits a criminal defendant from moving for

a judgment of acquittal post-verdict, from which he concludes that nothing prevents a trial court from granting a post-verdict motion for a judgment of acquittal. For the reasons explained above, we conclude that the motion must be made before the verdict. Furthermore, granting a motion for judgment of acquittal after the return of a guilty verdict, and then setting aside that verdict, would be the equivalent of entering a judgment notwithstanding the verdict, which is not available in criminal proceedings. *Schwabe*, 276 Or at 857; *see also State ex rel Redden v. Davis*, 288 Or 283, 291, 604 P2d 879 (1980) (there is no authority either at common law or under Oregon statutes for entry of a judgment notwithstanding the verdict in a criminal case).

■　Even assuming that the trial court lacked authority to grant defendant's post-verdict motion for a judgment of acquittal, defendant makes three arguments why this court should decline to issue a peremptory writ of mandamus. First, he argues, a writ compelling the trial court to enter judgment of conviction and sentence on Escape in the Second Degree would violate his right to due process of law, because the evidence does not support a conviction for that offense. The state responds that it is premature for this court to consider the sufficiency of the evidence in this proceeding, because defendant may raise his sufficiency of the evidence claim in a motion for a new trial or on appeal. We agree with the state. Once the trial court files a judgment on the verdict in this case, defendant may move for a new trial within five days, ORS 136.535(1), or he may appeal from that judgment and challenge the sufficiency of the evidence. *See* ORS 138.040 (defendant may appeal any decision of the court in a proceeding). Accordingly, it would be premature for this court to resolve any issue regarding the sufficiency of the evidence in this mandamus proceeding.

■　Next, defendant argues that ordering the trial court to reinstate the verdict would violate double jeopardy protections afforded him by the United States Constitution. According to defendant, the state is asking this court "to undertake a review that has been barred by the U.S. Supreme Court" in *Smalis v. Pennsylvania*, 476 US 140, 106 S Ct 1745, 90 L Ed 2d 116 (1986). The state responds that it does not seek to put

defendant in jeopardy again, "but only to have the trial court enter judgment based on the jury's verdict."

In *Smalis*, the defendants were charged with various crimes in connection with a fire in a building that they owned. At the close of the prosecution's case, the defendants demurred to the charges, and the trial court sustained the demurrer. The Commonwealth sought review. The Superior Court of Pennsylvania concluded that reversal of the trial court's grant of the defendants' demurrer would necessitate further trial proceedings and quashed the appeal on double jeopardy grounds. *Id.* at 141-42. The United States Supreme Court affirmed, holding that

> "the Double Jeopardy Clause bars an appeal by the prosecution not only when it might result in a second trial, but also if reversal would translate into further proceedings devoted to the resolution of factual issues going to the elements of the offense charged." *Id.* at 142.

*Smalis* does not assist defendant here. As explained above, the trial court in this case lacked authority to enter a judgment of acquittal on defendant's motion after the verdict. A peremptory writ ordering the trial court to vacate the "temporary" and final judgments on Attempted Escape in the Second Degree and to enter judgment consistent with the jury's verdict does not require any further proceedings devoted to factual determinations. Defendant's double jeopardy argument lacks merit.

■  Finally, defendant argues that Article VII (Amended), section 3, of the Oregon Constitution, prohibits this court from requiring the trial court to reinstate the jury's verdict. That section provides, in part:

> "* * * [N]othing in this section shall be construed to authorize the supreme court to find the defendant in a criminal case guilty of an offense for which a greater penalty is provided than that of which the accused was convicted in the lower court."

According to defendant, the trial court convicted defendant of Attempted Escape in the Second Degree. If this court requires the trial court to reinstate the jury's verdict, "defendant would in effect be found guilty of a greater offense than

that for which he was convicted." The state responds that it is not asking this court to find defendant guilty of any offense; it merely is asking this court to order the trial court to enter judgment based on the jury's verdict.

Defendant's Article VII (Amended), section 3, argument proceeds from the false premise that this court has made findings regarding his guilt on the charge of Escape in the Second Degree. The jury's factfinding in this case remains undisturbed. We have determined only that the trial court lacked authority to grant defendant's post-verdict motion for a judgment of acquittal on the charge of Escape in the Second Degree.

■ For the foregoing reasons, we hold that the trial court lacked authority, on the basis of defendant's post-verdict motion for a judgment of acquittal on the charge of Escape in the Second Degree, to enter a judgment of acquittal on that charge and to enter a finding of guilty on the lesser-included offense of Attempted Escape in the Second Degree. Accordingly, we direct that a peremptory writ of mandamus shall issue directing the trial court to vacate the order granting defendant's motion for judgment of acquittal on the charge of Escape in the Second Degree and entering a finding of guilty on the lesser-include offense of Attempted Escape in the Second Degree, to vacate the "temporary" and final judgments on the offense of Attempted Escape in the Second Degree, to enter judgment on the verdict, and to sentence defendant accordingly.

Peremptory writ to issue.