Argued and submitted November 3, 1998, peremptory writ to issue March 25, 1999

## STATE OF OREGON,
*Plaintiff-Relator,*

*v.*

## GEORGE THOMAS PEEKEMA,
*Defendant-Adverse Party.*

(CC 96C-21139)

## STATE OF OREGON,
*Plaintiff-Relator,*

*v.*

## STEVENS EQUIPMENT COMPANY,
*Defendant-Adverse Party.*

(CC 96C-21145; SC S44997)

976 P2d 1128

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause and filed the brief for plaintiff-relator. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Joseph D. Robertson, of Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem, argued the cause and filed the brief for defendants-adverse parties.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

LEESON, J.

** Kulongoski, J., did not participate in the consideration or decision of this case.

## LEESON, J.

A jury convicted defendants-adverse parties (defendants) of the misdemeanor offenses of unlawful disposal of hazardous waste in the second degree and unlawful storage of hazardous waste in the second degree. The issue in this original proceeding in mandamus is whether the trial court erred in granting defendants' post-verdict motion to dismiss those charges. For the reasons that follow, we conclude that the trial court lacked authority to dismiss the charges.

Defendant Peekema is an employee of defendant Stevens Equipment Company. Defendants were charged in separate indictments with two counts of unlawful disposal of hazardous waste in the first degree, ORS 468.926,[1] two counts of unlawful storage of hazardous waste in the first degree, ORS 468.926, and two counts of unlawful water pollution in the first degree, ORS 468.946.[2] All of those crimes are felonies. The cases were consolidated for trial.

The statutes under which defendants were charged were enacted in 1993. There were no uniform jury instructions to guide the parties. At the state's request, the parties submitted most of their proposed jury instructions about a week before trial, and the trial court ruled on those proposed

---

[1] ORS 468.926 provides, in part:

"(1) A person commits the crime of unlawful disposal, storage or treatment of hazardous waste in the first degree if the person, in violation of ORS 466.095 or 466.100 or any rule, standard, license, permit or order adopted or issued under ORS 466.020, 466.095 or 466.100, knowingly disposes of, stores or treats hazardous waste and:

"(a) As a result, recklessly causes substantial harm to human health or the environment; or

"(b) Knowingly disregards the law in committing the violation."

[2] ORS 468.946 provides, in part:

"(1) A person commits the crime of unlawful water pollution in the first degree if the person, in violation of ORS chapter 468B or any rule, standard, license, permit or order adopted or issued under ORS chapter 468B, knowingly discharges, places or causes to be placed any waste into the waters of the state or in a location where the waste is likely to escape or be carried into the waters of the state and:

"(a) As a result, recklessly causes substantial harm to human health or the environment; or

"(b) Knowingly disregards the law in committing the violation."

instructions. Nonetheless, after all the evidence but before closing arguments, the state, for the first time, requested that the jury also be instructed on the lesser-included misdemeanor offenses of unlawful disposal of hazardous waste in the second degree and unlawful storage of hazardous waste in the second degree. Defendants objected, arguing that they had pursued an "all or nothing" strategy during trial based on the state's pretrial submission of jury instructions on only felony charges.

The trial court found that defendants had relied to their detriment on the state's jury instructions. However, the trial court agreed to instruct the jury on the lesser-included offenses in order "to give the District Attorney an opportunity to appeal this." The court also stated that, if the jury returned guilty verdicts on the misdemeanor charges, it would "consider fixing this in some appropriate way."

The jury found defendant Stevens Equipment Company guilty of one felony count of unlawful storage of hazardous waste and two misdemeanor counts of unlawful disposal of hazardous waste and found defendant Peekema guilty of two misdemeanor counts of unlawful storage of hazardous waste. After the jury returned the verdicts, the trial court stated:

> "The verdicts are received and placed in the Court file. I anticipate before we get the judgments in place that there may be some motions. I'll look for something from the defendant[s] probably within the next what? Five days?"

Defendants later filed motions for a new trial, in arrest of judgment, and to dismiss the misdemeanor charges. The trial court granted the motion to dismiss, and this mandamus proceeding followed.

Before turning to the merits, we address defendants' contention that relator State of Oregon's (the state's) petition for a writ of mandamus was not filed timely. The trial court signed the order of dismissal on December 31, 1997, and the clerk entered the order in the register on January 9, 1998. The state filed its petition for a writ of mandamus on February 9, 1998, which was within 30 days of entry of the order in

the register. *See* ORAP 1.25 (computation of time). The state relies on ORS 138.071(1), which provides:

"Except as provided in subsections (2), (3) and (4) of this section, the notice of appeal shall be served and filed not later than 30 days after the judgment or order appealed from was entered in the register."

Defendants contend that the state's petition was not filed timely because a motion to dismiss is like a motion for a new trial or a motion in arrest of judgment, and, therefore, ORS 138.071(2) is the relevant subsection. It provides:

"If a motion for new trial or motion in arrest of judgment is served and filed the notice of appeal shall be served and filed within 30 days from the earlier of the following dates:

"(a)   The date of entry of the order disposing of the motion; or

"(b)   The date on which the motion is deemed denied, as provided in ORS 136.535."

Defendants argue that a trial court's signature on an order is equivalent to the entry of that order under ORS 138.071(2)(a), so the state had 30 days from December 31, 1997, to file its petition.

The time period within which a party must file a petition for mandamus relief is governed by laches, not by statute. *State ex rel Carlile v. Frost*, 326 Or 607, 620-21, 956 P2d 202 (1998); *State ex rel Fidanque v. Paulus*, 297 Or 711, 717-18, 688 P2d 1303 (1984). Nonetheless, laches generally requires that a mandamus proceeding be filed within the statutory time limitation required for the filing of an appeal. *See State ex rel Redden v. Van Hoomissen*, 281 Or 647, 649-50, 576 P2d 355, *reh'g den* 282 Or 415 (1978) (reasons for limiting time to 30 days for filing an appeal relevant in determining whether application for writ of mandamus is timely). In determining whether a petition for a writ of mandamus is barred by laches, the court considers whether any delay prejudiced the adverse party. *See Paulus*, 297 Or at 717-18 (unless satisfactorily explained, delay in application for writ may provide basis for denial, particularly if prejudice to respondent is shown).

A pretrial order of dismissal is one of the orders that the state may appeal from the circuit court to the Court of Appeals. ORS 138.060(1). In this case, the trial court granted defendants' motion to dismiss made after the jury had returned its verdict. The court denied defendants' motion for a new trial and motion in arrest of judgment. Nonetheless, defendants contend that the motion to dismiss in this case should be treated like a motion for a new trial or a motion in arrest of judgment. We disagree. ORS 138.071(1) provides that notices of appeal *except* those governed by ORS 138.071(2), (3), and (4) are governed by the 30-day period provided for in ORS 138.071(1). Although the motion to dismiss in this case was made post-verdict rather than pretrial, ORS 138.071(1) is the statute that would prescribe the time limit for an appeal after a pretrial order of dismissal. We see no reason, and defendants provide none, for holding that, because defendants' motion to dismiss was made post-verdict, the state should have treated the motion to dismiss in this case as something other than a motion to dismiss in determining how much time it had to file its petition for a writ of mandamus. Consequently, we need not address defendants' argument that, under ORS 138.071(2), the date on which a trial court signs an order is the date on which the order is entered. Moreover, defendants have not alleged or shown that they suffered prejudice by the amount of time that passed before the state filed its petition for a writ of mandamus. We hold that the state's petition for a writ of mandamus was filed timely.

■■■ We turn to the merits. The state argues that the trial court erred in granting defendants' post-verdict motion to dismiss the misdemeanor charges. In *State ex rel Penn v. Norblad*, 323 Or 464, 469-70, 918 P2d 426 (1996), this court held that the only post-verdict motions authorized by statute in criminal cases are a motion for a new trial and a motion in arrest of judgment. Defendants respond that *Norblad* is distinguishable, because the state's "last minute demand" that the trial court instruct the jury on the lesser-included misdemeanor offenses—and the trial court's acquiescence to that demand—violated defendants' rights to due process of law under the Sixth and Fourteenth Amendments to the United

States Constitution, and their right to a fair and impartial trial under Article I, section 11, of the Oregon Constitution.

In *Norblad,* the jury convicted the defendant in the underlying criminal case of multiple criminal charges. The defendant made two post-verdict motions. The first was for a new trial, and the second was to dismiss the case on the ground that he was denied due process of law and did not receive a fair trial. The trial court concluded that it improperly had denied the defendant's pretrial motion to suppress evidence and that the defendant had not received a fair trial, because he had not received materials that the city attorney's office had developed. The trial court granted the defendant's motion to dismiss, relying on ORS 135.755, which provides:

> "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

This court issued a peremptory writ of mandamus directing the trial court to vacate the judgment of dismissal and to enter judgment on the convictions. The court held that the only post-verdict motions authorized by statute in criminal cases are a motion for a new trial and a motion in arrest of judgment. 323 Or at 469-70; *see also State v. Metcalfe,* 328 Or 309, 314, 974 P2d 1189 (1999) (post-verdict motion for judgment of acquittal not authorized by statute); *State ex rel Redden v. Davis,* 288 Or 283, 291, 604 P2d 879 (1980) (court not authorized to grant judgment of acquittal after jury has returned verdict even when trial court finds insufficient evidence to support verdict).

As noted above, defendants contend that *Norblad* does not control here because of the trial court's "improper" instructions on the lesser-included offenses. We disagree. The defendant in *Norblad* argued that he was entitled to have the charges dismissed post-verdict because he "did not receive a fair trial and was not afforded due process." 323 Or at 466. Defendants make the same argument here. The trial court in *Norblad* dismissed the charges post-verdict in part because the court believed that it had erred in denying the defendant's pretrial motion to suppress. Similarly, the trial

court in this case granted defendants' motion to dismiss because it believed that the lesser-included-offense jury instructions rendered the jury's verdicts invalid.

Whether the trial court erred in giving the lesser-included-offense jury instructions is a matter that defendants may assign as error on appeal. *See State v. Farrar*, 309 Or 132, 167-68, 786 P2d 161 (1990) (addressing the defendant's claim that the trial court erred as a matter of law in refusing to give the defendant's requested instructions on a lesser-included offense). Defendants must pursue their ordinary appellate remedies for an asserted error regarding jury instructions. Defendants' attempt to attack the validity of the jury's verdict in this proceeding is unavailing in light of the availability of appellate review of the alleged error in jury instructions.

We conclude that defendants' attempt to distinguish *Norblad* is unavailing. The trial court lacked authority to grant defendants' motion to dismiss the misdemeanor charges after the jury had returned guilty verdicts on those charges.

A peremptory writ of mandamus shall issue, directing the circuit court to vacate the order granting defendants' motion to dismiss the misdemeanor charges, to enter judgments on the jury verdicts, and to sentence defendants accordingly.

Peremptory writ to issue.