Argued and submitted March 5, peremptory writ to issue August 14
reconsideration denied October 21, 2003

State ex rel
THE HONORABLE KRISTOPHER KAINO,
*Plaintiff-Relator,*

*v.*

OREGON COMMISSION ON JUDICIAL
FITNESS AND DISABILITY,
*Defendant.*

(JFC 01-302; SC S49792)

74 P3d 1080

Joseph A. Di Bartolomeo, Lavis & Di Bartolomeo, PC, Astoria, argued the cause and filed the briefs for plaintiff-relator.

Thomas M. Christ, Cosgrave, Vergeer, Kester, LLP, Portland, argued the cause and filed the brief for defendant.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.

RIGGS, J.

**RIGGS, J.**

This is an original proceeding in mandamus. Relator, a municipal court judge, sought to have the Oregon Commission on Judicial Fitness and Disability dismiss misconduct proceedings against him on the ground that it lacked jurisdiction over municipal court judges. The commission refused to do so. Relator then petitioned this court for an alternative writ of mandamus, which we issued. For the reasons that follow, we conclude that the commission should have dismissed the complaint against relator. Accordingly, we will issue a peremptory writ directing the commission to do so.

Relator is a municipal court judge for the City of Astoria. On March 14, 2002, the commission brought a formal complaint against relator, alleging that he violated several provisions of the Oregon Code of Judicial Conduct. The particular allegations against relator are not relevant to this matter. On March 29, 2002, relator sent the commission a letter contending that the commission should dismiss the complaint for lack of jurisdiction over municipal court judges. The commission denied that request by letter on April 25, 2002. Relator then answered the complaint on June 25, again contending that the complaint should be dismissed for lack of jurisdiction.

On August 28, 2002, the commission brought an amended complaint against relator that contained additional factual allegations. Relator answered the amended complaint on September 12, 2002, and again argued that the complaint should be dismissed for lack of jurisdiction. Relator then filed a petition for an alternative writ of mandamus with this court on September 25, 2002.

The commission argues that laches bars relator from maintaining this mandamus proceeding because it was not filed within 30 days of the date that the commission brought the original complaint. *See, e.g., State v. Peekema*, 328 Or 342, 346, 976 P2d 1128 (1999) ("[L]aches generally requires that a mandamus proceeding be filed within the statutory time limitation required for the filing of an appeal."). We assume without deciding that 30 days is the appropriate time

period in this sort of case. Here, the commission amended its complaint to address certain procedural objections made by relator. Under the circumstances, we conclude that the time for filing a petition for writ of mandamus began running with the filing of the amended complaint. Relator did file his petition within 30 days of that date.

Ordinarily this court considers subconstitutional arguments before reaching constitutional ones. *E.g., Leo v. Keisling*, 327 Or 556, 562, 964 P2d 1023 (1998) ("[I]t is well established that this court ordinarily does not decide constitutional issues if there is an adequate subconstitutional basis for decision."). In this case, however, the legislature conditioned the operation of ORS 1.420(1), the statute that authorizes the commission to inquire into the conduct of "a judge," on the voters adopting Article VII (Amended), section 8. Or Laws 1967, ch 294, § 1. In light of that fact, we deem it appropriate to move directly to the meaning of Article VII (Amended), section 8.

Relator contends that Article VII (Amended), section 8, does not authorize disciplinary proceedings against municipal court judges. As it was adopted in 1968, that section provided:

"(1)   In the manner provided by law, and notwithstanding section 1 of this Article, a judge of any court may be removed from his judicial office by the Supreme Court for:

"(a)   Conviction in a court of this or any other state, or of the United States, of a crime punishable as a felony or a crime involving moral turpitude; or

"(b)   Wilful misconduct in a judicial office involving moral turpitude; or

"(c)   Wilful or persistent failure to perform judicial duties; or

"(d)   Habitual drunkenness or illegal use of narcotic drugs.

"(2)   Notwithstanding section 6 of this Article, the methods provided in this section and in section 18, Article II of this Constitution, are the exclusive methods of removal of a judge from judicial office."[1]

---

[1] In 1975, the voters amended the section to expand the list of sanctionable conduct and the range of sanctions. Those amendments do not affect the analysis here.

Article VII (Amended), section 8, was a constitutional amendment referred to the voters by the legislature. When interpreting an initiated or referred constitutional amendment, this court seeks the intent of the voters by first considering the text and context. *Ecumenical Ministries v. Oregon State Lottery Comm.*, 318 Or 551, 559, 871 P2d 106 (1994); *see Stranahan v. Fred Meyer, Inc.*, 331 Or 38, 57-58 & 58 n 13, 11 P3d 228 (2000) (*Ecumenical Ministries* analysis applies to referred constitutional amendments). If the voters' intent is clear from text and context, then this court ordinarily will not inquire further. *Ecumenical Ministries*, 318 Or at 559. If the voters' intent is not clear, then this court will consider the history of the provision. *Id.* However, "[t]his court has noted that caution is required in ending the analysis before considering the history of an initiated [or referred] constitutional provision." *Id.* at 559 n 7.

The commission argues that the term "judge of any court," as used in Article VII (Amended), section 8, is extremely broad and so includes municipal court judges.[2] If those words stood alone, then that might have been true. Here, however, we must interpret those words in context. The voters expressly adopted section 8 as an amendment to Article VII (Amended). Or Laws 1967, SJR 9, at 1619 ("The Constitution of the State of Oregon is amended by creating a new section to be added to and made a part of Article VII (amended) * * *."). Voters thus would have understood the words "judge of any court" to refer only to those courts created by and defined in Article VII (Amended).

At the time that the voters adopted section 8, this court already had held that municipal court judges are not

---

[2] The words "judge of any court" appear in two other places in the Oregon Constitution that predate the adoption of Article VII (Amended), section 8. The first place is Article V, section 16, which permits the Governor to fill any vacancy "in the office of judge of any court" by appointment; that provision was part of the original constitution adopted in 1857 (and effective in 1859). The second place is Article VII (Amended), section 1a, adopted by the voters in 1960, which mandates retirement at age 75 for a "judge of any court." (There is a third place that uses the term, adopted in 1978 after Article VII (Amended), section 8, was in place: Article III, section 4(3), which excepts from the Legislative Assembly's power to confirm gubernatorial appointments the appointment of a "judge of any court.") We have been unable to locate any cases that interpret those words in those provisions, and so we express no opinion whether the term "judge of any court" has a single meaning for all of those constitutional provisions.

Article VII (Amended) judges. In *In re Application of Boalt*, 123 Or 1, 260 P 1004 (1927), this court stated:

> "While it has been held that justices of the peace should be elected for the term of six years [under Article VII (Amended), section 1, of the Oregon Constitution], there is nothing in the language of the Constitution indicating that it was intended to apply to municipal judges clothed with the powers of a justice of the peace. * * * The state is not interested in the manner in which such judge is elected or appointed. That is a matter of strictly local concern."

*Id.* at 18 (citation omitted) (municipal court judges could hear cases despite not being elected to six-year terms).

Given the foregoing decision, we conclude that the text, in context, is unambiguous: Section 8 does not apply to municipal court judges.

The foregoing notwithstanding, we also have considered the history behind the adoption of Article VII (Amended), section 8—specifically, its ballot title. *See Ecumenical Ministries*, 318 Or at 560 n 8 (listing that item). There is nothing in the ballot title to suggest any understanding that section 8 extended to municipal court judges.

In sum, we conclude that neither Article VII (Amended), section 8, nor ORS 1.420(1), the statute adopted to enforce it, authorizes the commission to hear complaints against municipal court judges. The commission lacks jurisdiction to proceed against relator and should have dismissed the proceedings.

Peremptory writ to issue.