Submitted on the record December 22, petition for peremptory or alternative writ of mandamus denied; emergency motion for stay dismissed as moot December 30, 2004

STATE ex rel
THE HONORABLE SIDNEY A. GALTON,
*Plaintiff-Relator,*

*v.*

OREGON COMMISSION ON
JUDICIAL FITNESS AND DISABILITY,
*Defendant.*

CJFD 03-054; SC S52032

103 P3d 637

James H. Gidley, Perkins Coie, Portland, filed the petition for peremptory or alternative writ of mandamus and Motion for Emergency Stay for plaintiff-relator.

No appearance *contra.*

CARSON, C. J.

## CARSON, C. J.

The Honorable Sidney A. Galton, judge of the Multnomah County Circuit Court (relator), petitions this court for a writ of mandamus directing the Commission on Judicial Fitness and Disability (Commission) to dismiss its pending judicial discipline proceeding against him for lack of subject matter jurisdiction. He also seeks an emergency stay of the Commission's proceeding pending the outcome of this mandamus proceeding. For the reasons set forth below, we deny the petition and dismiss the motion for a stay as moot.

Relator argues that the Commission lacks jurisdiction under Article VII (Amended), section 8, of the Oregon Constitution, as interpreted in *State ex rel Kaino v. Commission on Judicial Fitness*, 335 Or 633, 74 P3d 1080 (2003) (holding that Commission lacked jurisdiction over municipal court judges). Relator relies on the following sentence in *Kaino*:

"Voters thus would have understood the words 'judge of any court' [as used in Article VII (Amended), section 8] to refer only to those courts created by and defined in Article VII (Amended)."

*Id.* at 637. He argues that the Supreme Court is the only court "created by" Article VII (Amended). *See* Or Const, Art VII (Amended), § 1 (vesting judicial power of state in "one supreme court and in such other courts as may from time to time be created by law"). Accordingly, he argues, the Commission lacks jurisdiction over circuit court judges.

That argument takes the quoted sentence out of context. *Kaino* holds that the Commission lacks jurisdiction over municipal court judges because they do not serve on an Article VII (Amended) court.

*Kaino* explained that the jurisdiction of the Commission turned on the meaning of the words "judge of any court" as used in the judicial discipline provisions of Article VII (Amended), section 8. 335 Or at 636-37. *Kaino* noted that the words "judge of any court," standing alone, would sweep very broadly. *Id.* at 637. However, *Kaino* interpreted those words

in their context as part of an amendment to Article VII (Amended). *Id.*

Then comes the sentence on which relator relies. That sentence draws a conclusion from the stated premises—that because the voters added section 8 to Article VII (Amended), the "[v]oters *thus* would have understood" something about the meaning of the words "judge of any court." *Id.* (emphasis added). According to *Kaino*, the voters would have understood the words "judge of any court" to refer to those courts described by Article VII (Amended). *Kaino* conveyed that concept by referring to courts "created by *and defined in*" Article VII (Amended). *Id.* (emphasis added). In context, "created by" refers not just to the Supreme Court—the one court specifically named in Article VII (Amended), section 1—but also to "such other courts as may from time to time be created by law." Or Const, Art VII (Amended), § 1.

The next sentence of *Kaino*, which applies that conclusion to the facts, leaves no doubt about the correct reading. "At the time that the voters adopted section 8, this court already had held that municipal court judges *are not Article VII (Amended) judges.*" *Id.* at 637-38 (emphasis added). *Kaino* went on to discuss a case holding that Article VII (Amended), section 1, did not require municipal court judges to be elected to six-year terms. *Id.* at 638. That discussion would have been superfluous if relator's reading of *Kaino* were correct.

Properly interpreted, *Kaino* leaves no doubt that the voters understood the phrase "judge of any court" to mean a judge of any court that exercises the state's judicial power under Article VII (Amended). That was why it mattered that the voters adopted section 8 as part of Article VII (Amended), and that was why the court went on to consider whether Article VII (Amended) governed municipal courts.

The only remaining question is whether the courts described by Article VII (Amended) include circuit courts. We hold that they do. Article VII (Amended) itself continued the circuit courts in existence. Or Const, Art VII (Amended), § 2 (continuing court system as constituted under Article VII (Original) "until otherwise provided by law"); *see* Or Const,

Art VII (Original), § 1 (vesting judicial power of state in circuit courts, among others). The legislature, too, expressly authorized circuit courts as an exercise of its Article VII (Amended) power to create courts. *See* ORS chapter 3 (statutory provisions relating to circuit courts). When the voters adopted Article VII (Amended), section 8, they would have understood "judge of any court" to include a circuit court judge. Accordingly, the Commission has subject matter jurisdiction over the disciplinary proceeding against relator. We deny the petition for writ of mandamus and dismiss as moot the emergency motion for a stay.

Petition for peremptory or alternative writ of mandamus denied. Emergency motion for stay dismissed as moot.